**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**BROOKDALE SENIOR LIVING
COMMUNITIES, INC.,**
*Individually, and/or doing business as*
**THE VILLAS OF SUMMERFIELD,**

                              **Petitioner,**

           vs.                                          5:15-cv-00834
                                                               (MAD)

**CATHERINE MARGREY**,
*as Executrix of the Estate of
Barbara A. Silky, deceased*,

                              **Respondent.**
_____

**APPEARANCES:**                                       **OF COUNSEL:**

**HARRIS, BEACH LAW FIRM**              **FREDERICK H. FERN, ESQ.**
New York Office
100 Wall Street, 23rd Floor
New York, New York 10005
Attorneys for Petitioner

**GREEN, REID LAW FIRM**                   **JEFFREY G. POMEROY, ESQ.**
173 Intrepid Lane
Syracuse, New York 13205-2538
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On July 8, 2015, Brookdale Senior Living Communities, Inc., individually and doing business as the Villas of Summerfield ("Petitioner") commenced this proceeding through a motion to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3, 4. *See* Dkt. No. 1.

### II. BACKGROUND

On February 1, 2012, Petitioner and Barbara Silky (the "decedent"), through her power of attorney, Catherine Margrey ("Respondent"), signed an agreement entitled "Independent Living Residency and Services Agreement" (the "residence agreement"). *See* Dkt. No. 1-3. Petitioner is the owner of the Villas, a senior living residence. *See id.* Among the agreement terms, the parties agreed to binding arbitration governed by "New York State Consolidated Laws." *See id.* at 9-10. Further, the agreement sets forth that "[d]iscovery in the arbitration proceeding shall be governed by the New York Rules of Civil Procedure," and the rules of evidence in the arbitration would be governed by New York law. *See id.* at 9. Respondent's decedent became a resident of Petitioner's residence. *See* Dkt. No. 7-2. Respondent's decedent went missing from Petitioner's residence on either the night of 22nd or the early hours of the 23rd of December 2012, and, ultimately, she was found dead six feet outside of a door leading to the patio and courtyard of the residence. *See* Dkt. No. 7-2 at 3-26. It was later determined that Respondent's decedent died from environmental hypothermia. *See* Dkt. No. 7 at 11.

Respondent, as Executrix of the Estate of Barbara A. Silky, commenced a civil action in New York Supreme Court for the County of Onondaga, on October 25, 2013. *See* Dkt. No. 1-5 at 4. In her complaint, Respondent asserts five main causes of action, which are (1) wrongful death pursuant to N.Y. E.P.T.L. 5-4.1, (2) common law negligence, (3) breach of contract, (4) breach of implied contract, and (5) breach of implied warranty of habitability. *See* Dkt. No. 1-5 at 4-15. Petitioner appeared in that state court action by the service of an answer on or about January 15, 2014. *See* Dkt. No. 1-6. Thereafter, on March 5, 2014, Petitioner served a demand for arbitration pursuant to N.Y. C.P.L.R. § 7503(c), seeking to enforce the arbitration clause in the residency agreement. *See* Dkt. No. 1-7. Specifically, Petitioner cited the contract clause directing arbitration under the N.Y. C.P.L.R. *See id.*

Petitioner then filed a notice of motion to compel arbitration and stay the action pursuant to N.Y. C.P.L.R. § 7503(a). *See* Dkt. No. 7-2. The motion was adjourned until September 25, 2015 by stipulation of the parties in contemplation of mediation, but the mediation was ultimately not successful. *See id.* In its decision and order, the state court found that the parties, the decedent's distributees, and the claims in Respondent's complaint are subject to the arbitration clause in the residential agreement. *See id.* The state court reserved on the motion, however, finding that a hearing was necessary on the issue of whether Petitioner had operated an unlicensed assisted living facility in violation of New York Public Health Law. *See id.*

It appears the Petitioner was prepare to move forward with the hearing, which had initially been schedule for March 3, 2015, and Petitioner sought to move forward with discovery as scheduled by the state court. *See* Dkt. No. 7-2 at 59. Although Petitioner demanded that Respondent comply with the discovery schedule during the pendency of the hearing, Petitioner sought to limit its own discovery disclosure as well as have Petitioner enter into a confidentiality agreement related to discovery material. *See* Dkt. No. 7-3 at 2-57. Respondent successfully sought an order compelling Petitioner to respond to outstanding discovery requests. *See id.* at 14-22. Due to these discovery issues, the state court had to adjourn the hearing and ordered a scheduling conference for June 1, 2015. *See id.* at 22.

Amidst another discovery dispute, Petitioner represented to counsel for Respondent that the executive director of Brookdale Senior Living Communities, Inc. was on medical leave and, therefore, they were unable to respond to a second motion to compel discovery. *See* Dkt. No. 7 at ¶¶ 20-21. Based upon this representation, Respondent agreed to adjourn the return date of their motion to compel discovery. *See id.* at ¶ 20. In a letter from Petitioner to the state court, Petitioner stated that the parties agreed to adjourn the motion hearing set for July 2, 2015 until

3

July 30, 2015. *See* Dkt. Nos. 7 at ¶ 20; 7-3. Several days later, Petitioner filed a motion with this Court to compel arbitration and to stay the state court action pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. ("FAA"). Approaching the state court motion return date, Petitioner requested this Court to emergently consider their motion in an attempt to avoid responding to Respondent's state court motion. *See* Dkt. No. 4. This Court denied that request. *See* Dkt. No. 6.

Currently before the Court is Petitioner's motion to compel arbitration and stay the state court action. *See* Dkt. Nos. 1; 7; 9.

## III. DISCUSSION

Petitioner argues that this Court has jurisdiction to compel the arbitration clause in the agreement signed by the parties and to stay the state court action. *See* Dkt. No. 1-1 at 2-18. The Court agrees with Petitioner that it has jurisdiction, but, in its discretion, the Court finds that dismissing this federal proceeding and permitting the parallel state court action to move forward is appropriate under these circumstances. The FAA does not grant any federal jurisdiction over "controversies touching arbitration," but, instead, the act requires that there be an "independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (internal quotation marks omitted) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576 (2008)). Here, there is original jurisdiction based upon diversity of citizenship of the parties and damages in excess of $75,000, and diversity jurisdiction is not disputed by the parties. *See* Dkt. Nos. 4, 7.

This Court has contemporaneous, concurrent jurisdiction with the state court to enforce an arbitration agreement. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 25 (1983). Under the FAA, both state court and this Court have the power to stay the trial of an action "upon being satisfied that the issue involved in such suit or proceeding is referable to

4

arbitration under" an arbitration agreement.  9 U.S.C. § 3; *see also Cone*, 460 U.S. at 25.  The FAA also empowers the courts with the authority to compel an arbitration under a written agreement after "being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue."  9 U.S.C. § 4.  If there is a question of fact regarding the "making of the arbitration agreement . . . the court shall proceed summarily to the trial thereof."  *Id.*  New York state courts are also empowered with statutory authority under N.Y. C.P.L.R. § 7503 to stay a court proceeding and compel arbitration.

The mere pendency of a parallel action in state court is not a bar to proceedings in a federal court with jurisdiction.  *See Cone*, 460 U.S. at 15; *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910).  The federal courts have an "unflagging obligation . . . to exercise the jurisdiction given them."  *Colorado River*, 217 U.S. at 817.  "Given this obligation . . . the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding . . . are considerably" limited.  *Id.* at 818.  The Supreme Court has discussed the bases under which a district court can dismiss its proceedings when there is a parallel state action.  *See id.* at 813-21.  The doctrine of abstention permits a district court to "decline to exercise or postpone the exercise of its jurisdiction."  *See id.* at 813.  This is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it."  *See id.*  There are three general categories where the doctrine of abstention applies, and this case does not fall under any of them.[1]

---

[1] The three categories are: (1) "cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law;" (2) cases that present "difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;" and (3) cases where "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings."  *Colorado River*, 424 U.S. at 815-16.

However, separate from the doctrine of abstention, a district court may decline to exercise its jurisdiction in deference to a parallel state court proceeding based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.* at 817 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952)); *see also Cone*, 460 U.S. at 15. The threshold question in determining whether a federal court should abstain under *Colorado River* is whether the state court proceedings are "parallel." *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*").

In determining whether two actions are parallel for purposes of *Colorado River* abstention, "a court may consider whether both actions involve the same (i) parties, (ii) subject matter, and (iii) relief requested." *Hous. Works, Inc. v. City of New York*, 72 F. Supp. 2d 402, 417 (S.D.N.Y. 1999) (citing *Sheerbonnet Ltd. v. Am. Exp. Bank Ltd.*, 17 F.3d 46, 49–50 (2d Cir. 1994)). "Complete identity of parties and claims is not required; the parallel litigation requirement is satisfied when the main issue in the case is the subject of already pending litigation." *GBA Contracting Corp. v. Fid & Deposit Co.*, No. 00 Civ. 1333, 2001 WL 11060, *1 (S.D.N.Y. Jan. 4, 2001). There must, however, be "a substantial likelihood that the state litigation will dispose of *all* claims presented in the federal case." *Allstate Ins. Co. v. Elzanaty*, 916 F. Supp. 2d 273, 287 (E.D.N.Y. 2013) (internal quotation marks omitted) (quoting *In re Comverse Tech., Inc.*, No. 06–CV–1849, 2006 WL 3193709, *2 (E.D.N.Y. Nov. 2, 2006)) (emphasis in the original). In the present matter, the Court finds that the state court action and this federal proceeding are parallel. There is a complete identity of parties, and the relief sought in this federal proceeding is identical to the relief sought from the state court.

The Supreme Court has delineated six factors to consider and balance in deciding whether to defer to a parallel state court proceeding. These factors include (1) whether any court has assumed jurisdiction over any rem or property, *see Colorado River*, 424 U.S. at 818; (2) whether the federal forum is inconvenient, *see id.*; (3) whether the parallel proceedings will create piecemeal litigation, *see id.*; (4) the order in which jurisdiction was obtained by the concurrent forums, *see id.*; (5) whether "federal law provides the rule of decision on the merits," *Cone*, 460 U.S. at 23; and (6) whether the state court proceeding can adequately protect the rights of the party compelling arbitration. *Id.* at 26. "No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required." *Colorado River*, 424 U.S. at 819-20. This Court is conscious that the "task in cases such as this is not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Cone*, 460 U.S. at 25-26.

The first factor does not apply in this case because there is no real property involved. The second factor weighs against abstention because the federal forum is not an inconvenience where this Court and the state court are in geographic proximity to each other. The third factor is the avoidance of piecemeal litigation. *See id.* Parallel proceedings in federal and state court to compel arbitration do not ordinarily cause a concern because arbitrability does not usually cause piecemeal resolution of the parties underlying disputes. *See id.* at 20-21. The specific circumstances of this case, however, reveal that a greater concern for piecemeal litigation exists. Petitioner sought the same relief – to compel arbitration and stay the litigation – from the state court pursuant to N.Y. C.P.L.R. § 7503(a) fourteen months prior to bringing this motion. *See*

7

Dkt. No. 7-2 at 28-29. Petitioner likely brought the motion in the context of the personal injury and wrongful death action pending in state court because the arbitration clause that Petitioner is seeking to enforce specifically states that "[t]he New York State Consolidated Laws concerning arbitration shall govern the procedure." *See* Dkt. No. 1-3 at 9.

Of particular importance, the state court has already issued a decision and order on that motion in which the court made legal determinations and findings of fact based upon New York state law. *See* Dkt. No. 7-2 at 31-33. Although ultimately determining that a hearing was required on an issue, the state court decision resolved mostly in favor of arbitration.[2] *See id.* Where Petitioner (1) has drafted an arbitration clause dictating that New York law applies to the arbitration procedure, *see* Dkt. No. 1-3 at 9, (2) sought state statutory relief parallel to the relief sought in federal court, *see* Dkt. Nos. 1; 7-2 at 28-29, (3) voluntarily participated in mediation related to the state court action, *see* Dkt. No. 7 at 4, (4) and insisted on in engaging in discovery in the state court action, *see* Dkt. No. 7-2 at 59, the danger in piecemeal litigation exists. Accordingly, the Court finds that the third factor weighs heavily in favor of abstention.

The fourth factor, the order in which jurisdiction was obtained – referred to as the "priority" factor, takes into consideration not just the commencement of the respective actions but, more importantly, "how much progress has been made in the two actions." *Cone*, 460 U.S. at 3. In *Colorado River*, the absence of any proceeding in the district court except the complaint was a fact that the Court weighed in favored of dismissal. *See id.* at 820. In the present case, the state court action was commenced on October 25, 2013 more than twenty months before the federal court proceeding was commenced. *See* Dkt. Nos. 1; 1-5 at 4. As discussed, Petitioner

---

[2] It should be noted that any apparent delay in holding the arbitration hearing has been caused by the parties' stipulated adjournments and ongoing discovery disputes.

8

appeared in state court, moved to compel arbitration and to stay the action in state court, insisted on engaging in discovery in state court, and voluntarily participated in mediation related to the state court action. *See* Dkt. Nos. 1-6 at 1-11; 7 at 4; 7-2 at 28-29, 59. The state court has issued a decision and order in Petitioner's motion to compel arbitration, and that court, addressing the issues of arbitrability, has determined matters of law and findings of fact. *See* Dkt. No. 7-2 at 31-33. It is clear to this Court that the state court has invested significant judicial resources and the state action has progressed far beyond the proceedings in this Court. *See e.g. Telesco v. Telesco Fuel & Masons' Materials. Inc.*, 765 F.2d 356, 363 (2d Cir. 1985). Accordingly the fourth factor also weighs heavily in favor of dismissing this action.

The fifth factor turns on whether federal or state law supplies the rule of the decision on the merits. *See Cone*, 460 U.S. at 23-24. Here, the arbitration agreement at issue contains a choice-of-law provision, indicating that New York laws will govern the arbitration. In fact, as discussed, Petitioner made a motion to state court to compel arbitration under the N.Y. C.P.L.R. Accordingly, the source-of-law has been agreed to on the face of the arbitration clause. *See* Dkt. No. 1-3 at 9. The question of whether a choice-of-law provision in an arbitration agreement is pre-empted by the FAA has been answered in the negative by the Supreme Court in *Volt Info. Scis., Inc. v. Bd. of Tr. of the Leland Stanford Junior Univ.*, 489 U.S. 468, 476-79 (1989).

In making this finding, the Supreme Court stated that the FAA was enacted with the intention to enforce arbitration agreements entered into by the parties. *See id.* at 478. The FAA requires courts "to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Id.* "[I]t does not follow that the FAA prevents the enforcement of agreements to arbitrate under different rules than those set forth in the Act itself." *Id.* at 479. ("[S]uch a result would be quite inimical to the FAA's primary purpose of ensuring that private

9

agreements to arbitrate are enforced according to their terms."). The Court finds that article 75 of N.Y. C.P.L.R. controls the arbitration procedure at issue in this matter, as determined by the terms of the arbitration agreement. Therefore, the source-of-law factor weighs in favor of abstention where state law applies and the state judicial resources have already been spent addressing Petitioner's arbitration motion pursuant to article 75 of the N.Y. C.P.L.R.

The sixth factor takes into consideration whether the state court proceedings will be adequate to protect Petitioner's rights. *See Cone*, 460 U.S. at 26. In *Cone*, the Supreme Court was concerned whether the rights of a party seeking to enforce the arbitration agreement would be adequately protected by the state court because, while it had been determined that state courts can stay an action pursuant to section 3 of the FAA, it has not been determined definitively whether or not state courts are able to enforce section 4 of the FAA to compel the arbitration. *See id.* at 26. That is not a concern here because Petitioner has a pending motion in state court for the same relief pursuant to article 75 of the N.Y. C.P.L.R., and that state statute provides authority to stay the litigation *and* to compel the arbitration. Accordingly, Petitioner would not be in the circumstance, envisioned in *Cone*, where the action is stayed but the state court was without authority to compel the arbitration. *See id.* at 27. The Court finds that Petitioner's rights are adequately protected.

Additionally, in *Cone*, the Supreme Court "found 'considerable merit' in the idea 'that the vexatious or reactive nature of either the federal or the state litigation may influence the decision whether to defer to a parallel state litigation under *Colorado River*.'" *Telesco*, 765 F.2d at 363 (quoting *Cone*, 460 U.S. at 17, n.20). Petitioner acknowledges that bringing the federal court proceeding and requesting emergent relief was an effort to avoid responding to a state court motion that was pending. *See* Dkt. No. 4. This avoidance, together with other tactics in the state

10

court proceeding, are taken into consideration by this Court. Although not necessarily determinative, the Court is mindful that these tactics consumed significant judicial resources in the state court proceeding prior to Petitioner seeking the same relief from this Court. *See Telesco*, 765 F.2d at 363.

After evaluating and balancing the factors, the Court finds that exceptional circumstances exist in this case that clearly justify abstention. Petitioner filed this motion fourteen months after seeking the same relief in state court. Further, the state court has issued a decision and order on the motion with determinations of law and fact based upon New York law, which is the applicable law to this arbitration procedure pursuant to the residential agreement. State law applies to the arbitration and the underlying claims. Petitioner has initiated and participated in state court proceedings, including mediation, and sought this Court's intervention to avoid responding to a state court motion.

## IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Petitioner's motion to compel arbitration and stay the state court proceeding pursuant to 9 U.S.C. §§ 3,4 is **DENIED**; and the Court further

**ORDERS** that the case is dismissed; and the Court further

**ORDERS** the Clerk of the Court shall close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge